UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIMBERLY ESTRADA,<br><br>                                *Plaintiff*,<br><br>-against-<br><br>SEDGWICK HOTEL CORP; 4600 HOLDINGS LLC; 505 WASH LLC; VINOD CHADHA; SOHAN CHADHA; and RAM CHADHA<br><br>                                *Defendants*. | **FLSA COLLECTIVE ACTION and RULE 23 CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff, Kimberly Estrada ("Plaintiff"), on behalf of herself and others similarly situated employees, as class representative, by and through her attorney, Mohammed Gangat, Esq., brings this Complaint against Defendants, Sedgwick Hotel Corp, 4600 Holdings LLC, 505 Wash LLC, Vinod Chadha, Sohan Chadha, and Ram Chadha (collectively "Defendants"), alleges upon personal knowledge as to herself and upon information and belief as to other matters, as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, et seq. ("FLSA"), she is entitled to recover from Defendants: (1) unpaid overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs, and pursuant to the New York Labor Law ("NYLL"), she is entitled to recover from Defendants: (1) unpaid overtime compensation; (2) statutory damages arising out of Defendants' failure to provide accurate wage statements pursuant to the NYLL and New York State Wage Theft Prevention Act; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. The relevant statutory period for Plaintiff's federal claims under the FLSA is the three-year period preceding the date of the filing of the complaint, and the statutory period applicable

to Plaintiff's state law claims under the NYLL is the six-year period preceding the date of the filing of the complaint.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to these claims occurred in this judicial district.

**PARTIES**

5. Plaintiff is an adult residing in the County of Bronx, State of New York.

6. At all relevant times, Plaintiff is a covered individual within the meaning of the FLSA, U.S.C. §§ 206(a) and (207(a), and NYLL §§ 190(2) and 651(5).

7. Upon information and belief, Defendant Sedgwick Hotel Corp. ("Sedgwick") is a domestic business corporation duly organized and existing under the laws of the State of New York with a service process address as 731 Main Street, New Rochelle, NY 10801.

8. Upon information and belief, Defendant 4600 Holdings LLC ("Holdings") is a domestic business corporation duly organized and existing under the laws of the State of New York with a service process address as 1 Maiden Lane, 5th Floor, New York, NY 10038.

9. Upon information and belief, Defendant 505 Wash LLC ("Wash") is a domestic business corporation duly organized and existing under the laws of the State of New York with a service process address as 731 Main Street, New Rochelle, NY 10801.

10. Collectively, defendants Sedgwick Hotel Corp; 4600 Holdings LLC; and 505 Wash LLC referred to hereinafter as "Corporate Defendants."

11. At all times hereinafter mentioned and upon information and belief, Defendant Vinod Chadha, Sohan Chadha and Ram Chadha, are the owners of the Corporate Defendants, and are employers within the meaning of the FLSA, NYLL, and New York Codes, Rules and Regulations.

12. Defendant Vinod Chadha is an individual and resident of the State of New York.

13. Defendant Sohan Chadha is an individual and resident of the State of New York.

14. Defendant Ram Chadha is an individual and resident of the State of New York.

15. Upon information and belief, Defendants exercise control over the terms and conditions of their employees' employment, including Plaintiff's employment, in that they have the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

16. At all relevant times, the work performed by Plaintiff was essential to the business owned and operated by Defendants.

17. Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned overtime compensation in direct violation of the FLSA and NYLL.

## STATEMENT OF FACTS

18. At all relevant times, Defendants operate multiple hotels doing business as; and located at: (1) Hotel Cliff, 505 W 181st Street, New York, NY 10033; (2) Cabana Hotel Yankee Stadium, 1300 Sedgwick Avenue, Bronx, NY 10452; (3) Maya Suites Hotel, 1459 Edward L Grant Hwy, Bronx, NY 10452; (4) Havana Suites Hotel, 3470 Bailey Avenue, Bronx, NY 10463; and (5) Mamba Suites Hotel, 601 Nereid Avenue, Bronx, NY 10470.

19. Plaintiff at all times was a covered employee within the meaning of the FLSA and NYLL, and was assigned to work at various of the hotels.

20. Defendant Ram Chadha was consistently on the premises, while defendants Vinod Chadha and Sohan Chadha were on the premises intermittently.

21. Plaintiff Kimberly Estrada began working for the Defendant in or about March 2020.

22. The employment ended on or about December 18, 2021.

23. At all relevant times, Defendants continuously employed Plaintiff to work as a non-exempt employee performing primarily security, reception, cleaning, customer service, and other hotel maintenance related duties at the Defendants' multiple hotels, including removing guests that have surpassed their stay or have not paid, and controlling fire alarms.

24. Plaintiff was initially paid $15 per hour and was paid by check for her first 40 hours work, and Plaintiff was paid in cash for her overtime hours at an hourly rate of $10.

25. Overtime hours would be paid in cash envelopes, typically on Tuesdays.

26. Defendant Ram Chadha would deliver envelopes to the hotel. At times, he handed Plaintiff her envelope, and at other time, he handed Plaintiff all of the envelopes for all the employees, and Plaintiff was tasked with distributing them.

27. Plaintiff discussed this practice with other employees and came to learn that all employees were being paid their overtime in cash, and that most of the housekeepers were paid all wages in cash.

28. In order to perform all of her assigned duties, Plaintiff worked 6 days a week, Monday through Saturday. Her schedule was constantly changing but her most frequent schedule was 7am to 3pm except Wednesdays were 7am to 7pm.

29. Plaintiff ended her employment on December 18, 2021.

30. At no point during Plaintiff's employment with Defendants, was she ever provided with an accurate wage statement showing her accurate work hours and wages because the statements did not show overtime rates, hours, and pay.

## COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff brings this action individually and as class representative on behalf of the "Proposed FLSA Collective" defined as:

> all current and former employees of Defendants for the three year period prior to the filing of the complaint

32. Upon information and belief, the total number of members of the proposed collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than fifty (50) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

33. Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

34. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

35. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore,

inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

36. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

    a. Whether the Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

    b. Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Collective Action Members;

    c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    d. Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

    e. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements; and

    f. Whether the Defendants failed to pay Plaintiffs and the Collective Action Members for hours worked in excess of 40 hours per workweek.

37. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

38. Plaintiffs and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

39. Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

40. In addition to bringing this action as a proposed collective action to remedy violations of the FLSA, Plaintiffs also bring this action on behalf of a "Proposed Rule 23 Class", under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, and consisting of:

> all current and former employees of Defendants during the six year period prior to the filing of the complaint.

41. Upon information and belief, the persons in the Proposed Class are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Proposed Class consists of all non- managerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

42. The claims of Plaintiffs are typical of the claims of the Proposed Class, and a Rule 23 class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

43. The Defendants have acted on grounds generally applicable to the Proposed Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Proposed Class as a whole.

44. Plaintiffs have committed themselves to pursuing this action and has retained counsel experienced in employment law and class action litigation.

45. Plaintiffs will fairly and adequately protect the interests of the Proposed Class.

46. Plaintiffs understand that, as a class representatives, they assume a fiduciary responsibility to the Class Members to represent their interests fairly and adequately, and that they must consider their interests just as he would represent and consider their own interests, and that they may not favor their own interests over those of the Class Members.

47. Plaintiffs recognize that any resolution of a Rule 23 class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class. Plaintiffs understand that in order to provide adequate representation, they must remain informed of litigation developments and that they may be called upon to testify in depositions and at trial.

48. Plaintiffs have the same interests in this matter as all other members of the Proposed Class, and Plaintiffs' claims are typical of the Proposed Class.

49. There are questions of law and fact common to the Proposed Class which predominate over any questions solely affecting the individual members of the Proposed Class, including but not limited to:

   a. Whether the Defendants employed Plaintiffs and the Class members within the meaning of the New York Labor Law;

   b. Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Class members;

   c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

   Whether the Defendants failed to pay Plaintiffs and the Class members the applicable minimum wage for all straight time hours worked and the required overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

  d. Whether the Defendants failed to pay Plaintiffs and the Class members "spread of hours" premium for each day they worked a shift in excess of ten (10) hours, in violation of the New York Labor Law and the regulations promulgated thereunder;

  e. Whether Defendants' violations of the New York Labor Law are willful as that term is used within the context of the New York Labor Law; and,

  f. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM

### COUNT I: FLSA - Unpaid Overtime Wages
*Brought on behalf of Plaintiffs and the Proposed FLSA Collective*

50. Plaintiff realleges and re-avers each and every allegation and statement contained in the above paragraphs of this Complaint as if fully set forth herein.

51. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and the Proposed FLSA Collective members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

52. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

53. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

54. Plaintiff was entitled to be paid at the rate of time and one-half for all hours worked

in excess of the maximum hours provided for in the FLSA.

55. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

56. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

57. Defendants have a policy that they knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff. Instead, Defendants paid him nothing for those overtime hours.

58. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

59. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. § 216(b).

60. Due to reckless, willful and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime wages, and an equal amount as liquidated damages, and prejudgment interest thereon.

61. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs, and expenses, pursuant to 29 U.S.C. § 216(b).

### COUNT II: NYLL - Unpaid Overtime Wages
*Brought on behalf of Plaintiffs and the Proposed Rule 23 Class*

62. Plaintiff realleges and re-avers each and every allegation and statement contained in

the above paragraphs of this Complaint as if fully set forth herein.

63. Defendants employed Plaintiff within the meaning of NYLL §§ 2 and 651.

64. Defendants knowingly and willfully violated the rights of Plaintiff by failing to pay Plaintiff the required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

65. Defendants' violations of the NYLL, as described, were willful and intentional.

66. Defendants failed to properly disclose or apprise Plaintiff of his rights under the NYLL.

67. Due to the Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants the difference between his actual wages and the amounts owed under the NYLL. The deficiency accounts for overtime compensation for all overtime hours, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL §§ 663(1), 198.

68. Plaintiff is also entitled to liquidated damages pursuant to NYLL § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

### COUNT III: NYLL - Periodic Wage Statements
*Brought on behalf of Plaintiffs and the Proposed Rule 23 Class*

69. Plaintiff realleges and re-avers each and every allegation and statement contained in the above paragraphs of this Complaint as if fully set forth herein.

70. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

71. Through Defendants' knowing or intentional failure to provide Plaintiff with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

72. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of NYLL § 661.

73. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the NYLL § 194(4), and New York State Department of Labor Regulations § 146-2.1.

74. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred fifty (250) dollars for each workweek that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand (5,000) dollars, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, respectfully requests that the Court grant the following relief:

(a) An award for unpaid overtime compensation due under the FLSA and NYLL;

(b) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(c) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to the NYLL and the New York State Wage Theft Prevention Act;

(d) An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

(e) An injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA

and NYLL;

(f) An award of prejudgment and post-judgment interest;

(g) An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. 216(b) and the NYLL; and

(h) Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
      January 24, 2022

**LAW OFFICE OF MOHAMMED GANGAT**

By: _____
    Mohammed Gangat, Esq.
    675 Third Avenue, Suite 1810
    New York, NY 10017
    (718) 669-0714
    mgangat@gangatllc.com
    *Attorneys for Plaintiff*