**Law Office of Mohammed Gangat**
*Representing Workers in Employment Litigation*

675 Third Avenue, Suite 1810
New York, NY 10017
Direct Dial: (718) 669-0714
Office: (646) 556-6112
mgangat@gangatpllc.com
Fax: (646) 496-9195

*Via ECF*

April 22, 2022

District Judge Vincent L. Briccetti
U.S District Court, Southern District
300 Quarropas St,
White Plains, NY 10601

<u>Re</u>:   <u>**Kimberly Estrada, v. Sedgwick Hotel Corp, et. al.,**</u>
         <u>**Case No. 7:22-cv-00645-VB**</u>

To the Hon. Judge Briccetti:

I represent plaintiff Kimberly Estrada in the above-referenced action (the "Action") and submit this letter jointly with counsel for defendants Sedgwick Hotel Corp; 4600 Holdings LLC; 505 Wash LLC; Vinod Chadha; Sohan Chadha; Ram Chadha, ("Defendants") seeking the Court's approval of the settlement in this action, as per the Second Circuit's decision in Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

After I filed this lawsuit, an attorney representing the defendants called me to explore settlement. The attorney indicated several things including that he is not admitted to practice in federal court in New York but is otherwise a practicing attorney in New York. We discussed a settlement and I provided a damages calculation, in brief the damages consisted of $10,000 for failure to provide wage notices and wage statements and ten (10) unpaid overtime hours per week between March 2020 and December 18, 2021. Plaintiff's overtime rate was $22.50 per hour, but was only paid $10 per hour, which means she was underpaid by $12.50 per hour. The employment period is approximately 21 months which is approximately 90.3 weeks and an unpaid overtime figure of $11,287.50. This number does not account for weeks Plaintiff took off from work, or, admittedly, Plaintiff worked fewer hours than normal. In total, Plaintiff's estimated the maximum recoverable damages as $11,287.50 in unpaid wages, plus $11,287.50 in liquidated damages, plus $10,000 in statutory damages, plus prejudgment interest and attorneys' fees. Plaintiff agreed with Defendants to a compromised figure of $20,000 to settle all claims. Plaintiff's attorney's fee for this claim is typical and customary. Specifically, 33.33% of the settlement proceeds that remain after reimbursement of litigation expenses, will go to the attorney, and the remaining 66.66% will go to Plaintiff.

Hon Vincent L. Briccetti
Page 2 of 3
April 22, 2022

The $20,000 will be divided as follows: $7,254 to Plaintiff's counsel reflecting attorneys' fees and expenses; and $12,746 to Plaintiff Kimberly Estrada.

This is a fair and reasonable compromise for many reasons, most notably the difficulty Plaintiff has in obtaining any money from these Defendants.

This action arises under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for unpaid overtime and other amounts due Plaintiff as a result of the Defendant's alleged violations of these wage-and-hour laws, including failure to pay overtime, failure to pay spread of hours (i.e., an additional hour of pay for each workday in excess of ten hours per day), and failure to provide wage notices and accurate wage statements.

In all, the Agreement is in line with the mandate from *Cheeks*. Keeping in line with the trend in the Circuit following *Cheeks*, the Agreement contains a limited release, which applies only to claims arising for wages or other compensation arising from Plaintiffs' employment with the Defendants. There is no confidentiality provision; only a non-disparagement provision where the parties agree not to disparage one another and agree to not say or do anything that would harm the reputation of the other. Importantly, the non-disparagement provision where the parties retain the right to discuss matters related to this legal action with whomever they choose so long as the parties retain the right to discuss matters related to this legal action with whomever they choose so long as the parties' statements are truthful.

This is not a case where a settlement came about because of "overreaching" by any part. Plaintiff's counsel engaged in extensive analysis of the damages. Plaintiff's counsel determined that a 20k recovery at this early stage if litigation was a terrific result in a case where the overall recovery would not have been much higher excluding any award of any prevailing party attorneys' fees, that is to say, if the defendants were to have successfully argued that Plaintiff's calculation is too high because of any one of a number of reasons, the overall recovery in this case would have been limited to $10,000 statutory penalties for wage notice and wage statement violations and an unpaid wage award of ranging from between $5,000 and $10,000, plus an equivalent amount in liquidated damages. Not only was the settlement amount very close to the total amount of the available damages, it was a significant recovery, in a case where Plaintiff's counsel felt that the Defendants could potentially default and ultimately result in a judgment that is very difficult or impossible to enforce. In sum, getting $20,000 for my client with one third going to the attorneys' fee, in these circumstances, is an excellent result.

Plaintiff submits that the settlement is completely fair, reasonable, and adequate to the Plaintiff and respectfully request that the Court approve the Agreement and permit the parties to submit the Notice of Voluntary Dismissal With Prejudice to the Court for So Ordering and filing with the Clerk of the Court. Plaintiff notes that Plaintiff has attempted to have Defendants join in this letter. This is difficult because Defendants have indicated from their part that while they are

Hon Vincent L. Briccetti
Page 2 of 3
April 22, 2022

willing to settle the case for $20,000, they are not in position to retain an attorney licensed to practice before this Court for the purpose of seeking Court approval of this settlement.

We thank the Court for its time and attention to this matter.

Respectfully Submitted,

Law Office of Mohammed Gangat

_____
Mohammed Gangat, Esq.