UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

KIMBERLY ESTRADA,
                Plaintiff,

v.

SEDGWICK HOTEL CORP, 4600
HOLDINGS LLC, 505 WASH LLC, VINOD
CHADHA, SOHAN CHADHA, and RAM
CHADHA,
                Defendants.

------------------------------------------------------------x

**ORDER**

22 CV 645 (VB)

On April 22, 2022, plaintiff Kimberly Estrada in this Fair Labor Standards Act case filed a settlement agreement (Doc. #9-1) and a statement explaining the basis for the agreement as required by Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). Defendants have not appeared in this action, and plaintiff states they are unwilling to do so. See Samake Thunder Lube, Inc., 24 F.4th 804, 809 (2d Cir. 2022) (Cheeks review is appropriate following plaintiff's filing of a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i)).

In reviewing the proposed settlement agreement, the Court has considered the following factors:

(i)      Plaintiff's position as to the proper valuation of her claims;

(ii)     the risks and costs of continuing to litigate, including defendants' unwillingness to appear in the case;

(iii)    that plaintiff is represented by counsel;

(iv)    that plaintiff no longer works for defendants;

(v)     that the release is limited to wage-and-hour claims; and

(vi)    that the settlement agreement does not contain a confidentiality or nondisparagement clause.

Based on the foregoing, the Court finds the settlement agreement is fair and reasonable, and the product of arm's-length negotiation, not fraud or collusion.

Additionally, the Court finds the attorneys' fees, which are one-third of plaintiff's net recovery, in addition to reimbursement of costs, to be fair and reasonable under the circumstances.

Finally, in light of plaintiff's request to file a notice of voluntary dismissal following defendants' payment of the settlement, it is hereby ORDERED that this action is dismissed

1

without prejudice to the right to restore the action to the Court's calendar, provided the action is made by no later than June 9, 2022.  To be clear, any application to restore the action must be filed by June 9, 2022, and any application to restore the action filed thereafter may be denied solely on the basis that it is untimely.

## CONCLUSION

Accordingly, the parties' settlement agreement (Doc. #9-1) is APPROVED.

The Clerk is instructed to terminate the motion (Doc. #9) and close this case.

Dated: April 25, 2022
      White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge